FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DELMART VREELAND; DUSTIN
MCDANIEL; REID VOLLERT; JUSTIN
LOCKE; JOHNNY FRANCO,

    Plaintiffs - Appellants,

v.

RICHARD RAEMISCH, Executive
Director of CDOC; MARY CARLSON,
CDOC Time Computation Manager;
DIRECTOR OF CDC SEX OFFENDER
TREATMENT AND MONITORING
PROGRAM, (SOTMP); ROBIN
GARRELTS, CDOC/AVCF SOTMP
Program Director; STATE OF
COLORADO SEX OFFENDER
MANAGEMENT BOARD, All Members;
COLORADO STATE PAROLE BOARD,
All Members; DIRECTOR
BEHAVIORAL HEALTH SERVICES,
CDOC; JARED POLIS, Governor State of
Colorado,

    Defendants - Appellees.

No. 19-1105
(D.C. No. 1:18-CV-02685-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]

_____

    [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
    [**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of

_____

Plaintiff-Appellant Delmart Vreeland appeals from an order of the district court dismissing claims brought pro se pursuant to 42 U.S.C. § 1983.[1] Vreeland v. Raemisch, No. 18-CV-02685-LTB, Order of Dismissal (ECF No. 29) (D. Colo. Mar. 15, 2019); Aplt. App. 35–54. The district court dismissed Mr. Vreeland's pro se second amended complaint pursuant to its screening function and prior to service on any defendant. 28 U.S.C. §§ 1915A(a), 1915A(b)(1).

Mr. Vreeland asserted several constitutional claims, all related to statutorily mandated sex offender treatment programs in Colorado detention facilities. Aplt. App. 14–25; see COLO. REV. STAT. §§ 18-1.3-1001 – 18-1.3-1012. Mr. Vreeland is an inmate at the Arkansas Valley Correctional Facility in Ordway, Colorado. He contends that the Defendants' failure to properly manage treatment programs has, among other things, resulted in incorrect sentence and parole eligibility date calculations and prevented prisoners from achieving eligibility for transfer to lower level facilities.

The district court carefully examined each of Mr. Vreeland's twelve claims and dismissed them all as legally frivolous. The court also noted that Mr. Vreeland repeatedly failed to allege facts showing that defendants personally participated in asserted constitutional violations, as required by Henry v. Storey, 658 F.3d 1235

_____

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Mr. Vreeland initially proceeded pro se. He is now represented by counsel and the appellate filing fee has been paid.

(10th Cir. 2011), despite being advised to do so in an earlier order directing him to file an amended complaint. <u>See</u> <u>Vreeland</u>, No. 18-CV-02685-LTB, Order Directing Plaintiff to File Second Amended Complaint (ECF No. 25) (D. Colo. Jan. 23, 2019). Mr. Vreeland's brief on appeal is of little assistance in this regard and does not address the other infirmities the district court observed in his complaint.

We therefore AFFIRM for substantially the reasons given by the district court in its orders.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge